[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
By Amended Complaint, dated June 28, 2001, the plaintiff, a Waterbury police officer; alleges that he was injured while investigating a reported larceny at Home Depot on May 15, 1999. The plaintiff attempted to question the defendant, a suspect, as the defendant sat in his car in the parking lot of Home Depot. The plaintiff claims that during this encounter, the defendant proceeded to drive away, dragging the plaintiff along the side of the car, causing the plaintiff's injuries. The defendant filed this Motion for Summary Judgment, with supporting documents, asserting that the plaintiff is barred from recovery under the provisions of the "Firefighter's Rule." The plaintiff filed a timely Motion in Opposition, with attached affidavits and documents. The defendant filed a Supplemental Memorandum of Law on March 20, 2002. Arguments were heard by this court on April 1, 2002.
Standard of Review
"Practice Book [§ 17-49] provides that summary judgment shall be CT Page 4487 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwoodv. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Morascini v. Commissioner of PublicSafety, 236 Conn. 781, 808-09, 236 A.2d 1340 (1996).
Discussion
The "Firefighter's Rule" shields landowners from liability for injuries sustained by firefighters or policemen, who are injured by defective conditions on private property while the officers are present upon such property in the performance of their duties. Furstein v. Hill,218 Conn. 610, 621, 590 A.2d 939 (1991). The defendant opines that the scope of the "Firefighter's Rule" is much broader and should protect him from liability, albeit, he is not a landowner and the plaintiff's injuries were caused by the defendant's alleged negligence, rather than a defective condition on the premises At least one Superior Court case supports this position. As stated by the Honorable Susan Handy inFournier v. Battista:
[T]he intent behind the fireman's rule was to prohibit all causes of action by the police officer that resulted while the officer was engaged in the performance of his official duties. This is regardless of whether the officer sues the tortfeasor, the party calling the officer to action or the owner of the CT Page 4488 premises. The fireman's rule is grounded in public policy and is not limited to premises liability cases. (emphasis added)
Fournier v. Battista, Superior Court, Judicial District of New Britain, Docket Number 472570 (July 16, 1996, Handy, J).
This court could find no other Connecticut decision which applies the "Firefighter's Rule" so expansively. The courts which have accepted the application of the rule in non-premises liability cases have done so assuming that our Supreme Court would recognize exceptions to the rule. See: Levandoski v Cone, 2001 Ct. Sup. 12042, Judicial District of New London at New London (August 30, 2001, Robaina, J.); also: Levandoski v.Cone, 2000 Ct. Sup. 8133, Judicial District of New London at New London (July 11, 2000, Corradino, J.). One such exception is the subsequent negligence exception, whereby the rule does not apply if "a defendant engages in negligent acts after the fireperson or police officer arrives at the scene." Id.
In this case, the plaintiff alleges that the defendant acted negligently after he, the plaintiff, was called to the scene to investigate. Even if this court extended the "Firefighter's Rule" beyond premises liability, the defendant's actions fall squarely within the subsequent negligence exception to the rule. The defendant argues that the plaintiff knowingly and voluntarily assumed the risk of the defendant's actions, which removes the defendant's conduct from the exception. The court finds the defendant's support for this position tenuous. Because the plaintiff's claimed injuries were caused by the alleged negligence of the defendant after the plaintiff was at the scene, the "Firefighter's Rule" does not shield the defendant from liability.
For the above reasons the defendant's Motion for Summary Judgment is denied.
 ___________________, J. CAROL A. WOLVEN